# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

Civil Action No.    0:21-cv-60024

MONIQUE P. HARRELL,

    Plaintiff,

v.

CREDENCE RESOURCE
MANAGEMENT, LLC,

    Defendant,

_____/

## COMPLAINT

**NOW COMES** MONIQUE P. HARRELL, by and through her undersigned counsel, complaining of Defendant CREDENCE RESOURCE MANAGEMENT, LLC, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.*

2.    "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. MONIQUE P. HARRELL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Oakland Park, Florida.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

9. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

10. CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant") maintains its principal place of business at 17000 Dallas Parkway, #204, Dallas, Texas 75248.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2921.

15. At all times relevant, Plaintiff's number ending in 2921 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

17. At some point, Plaintiff obtained cable, internet, and phone services through AT&T.

18. Due to unforeseen financial circumstances, Plaintiff fell behind on her payments to AT&T and incurred a debt ("subject debt").

19. In or around March 2020, Plaintiff started receiving calls from Defendant.

20. During the first phone call with Defendant, Defendant's representative advised that it was attempting to collect on the subject debt.

21. On multiple occasions, when Plaintiff answered the collection calls from Defendant she was met by a conspicuous lengthy pause and was required to say "hello" numerous times prior to being connected to a representative

22. Also during the first phone call, Plaintiff stated that she was currently unemployed and unable to make a payment on the account.

23. On or around March 17, 2020, Plaintiff answered a phone call while at the hospital during an emergency visit.

24. During this phone call, Plaintiff advised that her doctors did not want her to take phone calls.

25. Also during this call, Plaintiff again advised that she was unemployed, in and out of the hospital, and requested that the phone calls cease.

26. Although Defendant's calls stopped for a short period of time, Plaintiff started to receive calls again starting in April 2020.

27. Each time that Plaintiff answered the phone, she would again advise that she was unemployed, in and out of the hospital, and requested that Defendant stop calling her.

28. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

29. Despite Plaintiff's numerous requests that the collection calls cease, Defendant continued their relentless collection call campaign.

30. Plaintiff has continued to receive unwanted and unconsented to collection calls from Defendant coming from the numbers including but not limited to (239) 268-3664, (239) 268-3711, (239) 268-3711, (239) 268-3726, (239) 268-3649, (239) 268-3695, (239) 268-3673 and (239) 268-3735.

31. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## DAMAGES

32. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

33. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies persistent and unwanted phone calls; anxiety; emotional distress; increased risk of personal injury resulting from the distraction caused by the phone calls; wear and tear to Plaintiff's cellular phone; intrusion upon and occupation of Plaintiff's cellular telephone; temporary loss of use of Plaintiff's cellular phone; invasion of privacy; loss of battery charge; loss of concentration; mental anguish; nuisance; the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services; and wasting Plaintiff's time.

34. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular telephone while her phone was ringing.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

35. Paragraphs 14 through 34 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

#### a. Violations of FDCPA §1692c

36. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a).

37. Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting Plaintiff after Plaintiff requested that the phone calls cease.

38. Specifically, when Plaintiff requested that the phone calls cease, any time that Defendant called after that request became an inconvenient time for Plaintiff.

#### Violations of FDCPA §1692d

39. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

40. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

41. Defendant violated §§ 1692d and d(5) when it placed no less than 40 collection calls after Plaintiff requested that the phone calls cease in an attempt to collect the subject debt.

42. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

43. The fact that Defendant knowingly placed calls to Plaintiff, after Plaintiff made requests that the calls cease, is illustrative of Defendant's intent to harass and annoy Plaintiff.

44. Additionally, the fact that Defendant knowingly placed calls to Plaintiff after Plaintiff advised that her doctors would not allow her to take phone calls shows Defendant's intent to incessantly harass and annoy Plaintiff.

**WHEREFORE,** Plaintiff, MONIQUE P. HARRELL, requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
**Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**

45. Paragraphs 14 through 34 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of Fla. Stat. § 559.72(7)

46. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

47. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. See *Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

48. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, MONIQUE P. HARRELL, requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

    c.    an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

    d.    an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

    e.    an award of such other relief as this Court deems just and proper.

## COUNT III:

### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

49. Paragraphs 13 through 34 of this complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. Defendant placed or caused to be placed no less than 40 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

51. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

52. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

53. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in Plaintiff being required to say "Hello" numerous times, followed by a lengthy pause after the called party speaks into the phone.

54. As pled above, any consent that Defendant may have previously had to place phone calls to Plaintiff's cellular phone was revoked when speaking with Defendant.

55. As pled above, Plaintiff was harmed by Defendant's incessant collection calls to her cellular phone.

56. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

57. Upon information and belief, Defendant does not maintain adequate policies and procedures that would enable it to effectively process and honor the requests of consumers that the collection calls cease.

58. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits.

59. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

60. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 6, 2021					Respectfully submitted,

**MONIQUE P. HARRELL**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com